| | |
|---|---|
| SAMUEL A. JAMES and JOANNE S. JAMES, | 1:17-cv-01164-LJO-BAM |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (ECF No. 6) AND REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT |
| v. | |
| S & A CAPITAL PARTNERS, INC., *et al.*, | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

This case concerns claims brought by Samuel A. James and Joanne S. James (collectively "Plaintiffs") against S & A Capital Partners, Inc., TFS Investments, LLC, and Entra Default Solutions, LLC, alleging wrongful foreclosure of real property. The case was initially filed in Fresno County Superior Court on July 26, 2017. On August 29, 2017, Defendants S & A Capital Partners, Inc., and Entra Default Solutions, LLC, (collectively "Defendants") filed a notice of removal to this Court. ECF No. 1. On September 1, 2017, Plaintiffs filed a motion to remand this case. ECF No. 6. Defendants filed an opposition on September 29, 2017. ECF No. 13. Plaintiffs did not file a reply within seven days as permitted by Local Rule 230(d), and the matter was deemed submitted on October 11, 2017. ECF No. 15. For the following reasons, Plaintiff's motion to remand is GRANTED.

## II. BACKGROUND

Plaintiffs are residents of California. ECF Nos. 1 at 4, 1-1 at ¶ 1. Defendant S & A Capital, Inc., is a Florida corporation with its principal place of business in Florida. ECF Nos. 1 at 3, 1-1 at ¶ 2. Defendant Entra Default Solutions, LLC, is a Texas corporation with its principal place of business in

1

Texas. ECF No. 1 at 3-4. Defendant TFS Investments, LLC ("TFS") is a California corporation. ECF No. 1-1 at ¶ 4. Terance Frazier, a member of TFS, is a resident of California. ECF No. 6 at 2, 10-12.

Plaintiffs allege that they purchased real property in the County of Fresno subject to a First Priority Deed of Trust in favor of Wells Fargo, which is not in default. ECF No. 1-1 at ¶ 7, 10. Plaintiffs subsequently obtained a second mortgage secured by a Second Priority Deed of Trust from JPMorgan Chase Bank, N.A., which encumbered the property. *Id.* at ¶ 11. Plaintiffs allege that the beneficial interest of the Second Priority Deed of Trust was then sold to Defendant S & A Capital Partners, LLC. *Id*. at ¶ 13. After Plaintiffs defaulted on the second mortgage, Defendant S & A Capital Partners foreclosed on the property. *Id*. at ¶¶ 14-15. Defendant Entra Default Solutions, LLC, acted as trustee and conducted the trustee's sale at which TFS purchased the real property. *Id*. at ¶¶ 16-17. Plaintiffs allege that the sale and foreclosure were improperly conducted, as they had entered into and made payments under a loan modification agreement with Defendant S & A Capital Partners, LLC. *Id*. at ¶¶ 18-21.

After Plaintiffs filed their complaint in state court, Defendants removed to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1 at 3-4. On September 10, 2017, a proof of service on TFS of the complaint, summons, and civil case sheet, dated August 1, 2017, was filed with the Court. ECF No. 14.

Plaintiffs assert that this action was improperly removed because diversity is incomplete. ECF No. 6 at 2. They contend that since TFS is organized under the laws of California, and because Mr. Frazier is a California resident, Defendants are not completely diverse from Plaintiffs, who are both California residents. *Id*. at 3. Plaintiffs contend that Defendants purposely ignored TFS when removing the action, and that diversity does not turn on whether named defendants have been served. *Id*.

Defendants argue that, since TFS had not been served at the time of remand, TFS was not properly joined. ECF No. 13 at 2. Since the removal statute, 28 U.S.C. § 1441(b), refers to parties "properly joined and served as defendants," Defendants contend that the non-diversity of TFS is a non-issue. *Id*. Defendants assert that Plaintiffs improperly relied on *Pullman Co. v. Jenkins*, 305 U.S. 534

(1939), and disregarded 1948 amendments to the removal statute which added a joinder requirement. ECF No. 13 at 2. Defendants also seek attorneys' fees and costs under 28 U.S.C. § 1927.[1] *Id*. at 5.

### III. STANDARD OF DECISION AND ANALYSIS

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir.2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*. Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Defendants' argument opposing remand fails. The 1948 amendments to the removal statute do not permit the Court to disregard unserved defendants when determining whether the diversity requirement is met. The sole case cited by Defendants in support of their proposition, an unreported 2011 case from the Northern District of New York, makes this very point quite explicitly. *City of Syracuse v. Loomis Armored US, LLC*, No. 5:11-cv-00744 (MAD/GHL), 2011 WL 6318370, *5 ("Contrary to Defendant's assertions, the Court may not ignore an unserved defendant when determining

---

[1] Defendants argue that Plaintiffs should not be awarded attorneys' fees and costs related to their remand motion. ECF No. 13 at 4-5. However, Plaintiffs have not requested fees or costs.

whether removal was proper.").

More importantly, binding Ninth Circuit precedent clearly provides that "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Houden v. Todd*, 348 F. App'x 221, 223 n.1 (9th Cir. 2009) (citing with approval *Vitek*). Whether a named defendant has been served is pertinent only where there is a risk that the party seeking removal controls who is served, and might use that control to manipulate federal jurisdiction. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 n. 4 (9th Cir. 1992) (holding that in an interpleader action a party may not create diversity by naming as a defendant an unserved party). That is not the situation here.

Defendants do not dispute that TFS and Plaintiffs are both residents of the state of California for the purposes of the diversity statute. Plaintiffs have provided proof that TFS was properly served in this case before the case was removed from state court. Even had TFS not been served, the law clearly mandates that the Court consider TFS when assessing diversity. Therefore, diversity is incomplete and the Court lacks subject matter jurisdiction.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court lacks subject matter jurisdiction over this matter. Accordingly, this case is REMANDED to the Fresno County Superior Court. Defendants' request for attorney's fees and costs under 28 U.S.C. § 1927 is DENIED.

IT IS SO ORDERED.

Dated: **October 25, 2017**    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4